UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**PAVLO POPOVYCHENKO**, as Parent and Natural Guardian of **V.P.**, and **PAVLO POPOVYCHENKO**, Individually,

                Plaintiff,　　　　　　　　　　**COMPLAINT**

-against-　　　　　　　　　　　　　　　　　　　　25-cv-

**MELISSA AVILÉS-RAMOS**, in her official capacity as Chancellor of the **NEW YORK CITY DEPARTMENT OF EDUCATION**, and the **NEW YORK CITY DEPARTMENT OF EDUCATION**,

                Defendants.
------------------------------------------------------------------------X

Plaintiff **PAVLO POPOVYCHENKO**, as Parent and Natural Guardian of **V.P.**[1], and **PAVLO POPOVYCHENKO**, Individually ("**Plaintiff**" or "**Parent**"), as and for his Complaint against Defendants **MELISSA AVILÉS-RAMOS**, in her official capacity as Chancellor of the **NEW YORK CITY DEPARTMENT OF EDUCATION**, and the **NEW YORK CITY DEPARTMENT OF EDUCATION** (collectively "**DOE**"), alleges the following:

## PRELIMINARY STATEMENT

1. This action is brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, to ensure V.P.'s right to a free appropriate public education (FAPE).

2. IDEA offers federal funds to states in exchange for a commitment to provide a FAPE to all children with physical and/or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

3. An eligible child acquires a substantive right to such an education once a state accepts IDEA's financial assistance from the federal government.

---

[1] Although the full names of the Parents are used in the Complaint, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99, Plaintiffs are using the initials of the Student to protect the Student's privacy. As defined in the IDEA, a FAPE includes special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to allow a child to benefit from the instruction. 20 U.S.C. § 1401(26) and (29).

4. V.P., (Student) is classified as having multiple disabilities under IDEA.

5. The Student suffers from a brain-based disorder resulting in severe impairments in cognition, language, memory, attention, reasoning, sensory, perceptual, and motor abilities.

6. The Student is a child with profound and complex disabilities, including quadriplegic cerebral palsy, rendering her non-verbal, non-ambulatory, and dependent on a G-tube for feeding.

7. On June 24, 2024, Plaintiff filed the first Due Process Complaint (DPC) against DOE, alleging, among other things, that DOE did not offer his child a FAPE for the 2023-2024 extended school year (ESY).

8. The Parent requested, among other things, an order requiring DOE to fund his child's educational program during the pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415(j).

9. On July 12, 2024, Plaintiff filed a second DPC against DOE alleging, among other things, that DOE did not offer his child a FAPE for the 2024-2025 ESY.

10. In the second DPC, the Parent requested the consolidation of the June 24, 2025, and July 12, 2024, DPCs.

11. The Parent requested, among other things, an order requiring DOE to fund his child's educational program during the pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415(j).

12. On December 17, 2024, Impartial Hearing Officer (IHO) Virginia Tillyard issued a Findings of Fact and Decision in IHO No. 275751, finding that DOE did not provide the Student a FAPE.

13. In IHO Tillyard's December 17, 2024, Findings of Fact and Decision (FOFD), she denied reimbursement after finding iBRAIN was an inappropriate placement because of a lack of credible testimony, and she concluded that equitable considerations weighed against the Parent.

3

14. On January 6, 2025, Plaintiff filed a Notice of Intention to Seek Review.

15. On January 27, 2025, Plaintiff filed a Request for Review (RFR).

16. In the RFR, Parrent alleged that IHO Tillyard erred by finding that V.P.'s unilateral placement at iBRAIN was not appropriate, and that the equities did not favor the Parent's claim for relief.

17. On June 26, 2025, State Review Officer (SRO) Justyn Bates issued Decision No. 25-055.

18. SRO Bates in Decision No. 25-055 sustained the appeal as follows:

> **IT IS ORDERED** that the IHO's decision, dated December 17, 2024, is modified by reversing those portions which found that iBrain was not an appropriate unilateral placement for the 2023-24 and 2024-25 school years; and
>
> **IT IS FURTHER ORDERED** that the IHO's decision, dated December 17, 2024, is modified by reversing those portions which found that equitable considerations weighed against the parent for the 2024-25 school year; and
>
> **IT IS FURTHER ORDERED** that the IHO's decision, dated December 17, 2024, is modified by reversing those portions which found that the transportation services were not appropriate for the 2024-25 school year; and
>
> **IT IS FURTHER ORDERED** that the district shall fund the iBrain tuition and related services per the iBrain annual enrollment contract for the 2024-25 school year; and
>
> **IT IS FURTHER ORDERED** that the district shall fund the transportation costs per the school transportation annual service agreement with Sisters Travel for the 2024-25 school year, reduced by 20 percent.

19. Plaintiff seeks *de novo* review of SRO Decision No. 25-055 issued by SRO Bates on June 26, 2025.

20. Plaintiff seeks an order modifying SRO Decision No. 25-055 by (1) directing reimbursement for tuition, transportation, and nursing services for the 2023–24 school year, as DOE conceded denial of FAPE and the SRO erred in denying all relief despite the appropriateness of the unilateral placement, (2) reversing the SRO's 20% reduction in transportation reimbursement for the 2024-25 school year, as the record contains no evidence of over-

billing, misuse, or inequitable conduct by the Parent, and full reimbursement is required, (3) reversing the SRO's denial of nursing services, as the record demonstrates that such services were medically necessary to ensure the Student's safe access to education, and at most any concern about scope would justify a proportional adjustment, not wholesale denial, such that full reimbursement for nursing services for the 2024-2025 ESY is warranted.

## JURISDICTION AND VENUE

21. This case arises under a federal statute, the IDEA, 20 U.S.C. § 1400, *et seq.*, and U.S. Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

22. Jurisdiction of the U.S. District Court for the Southern District of New York is invoked under 20 U.S.C. § 1415(i)(2), providing for jurisdiction and a right of action in this Court for any party "aggrieved by the findings and decision" of an impartial due process proceeding.

23. Jurisdiction is also conferred by 28 U.S.C. § 1331, providing for jurisdiction of all civil actions arising under the laws of the United States.

24. To the extent that this case involves questions about special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

25. This Court may grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Fed. R. Civ. P. 57.

26. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, as Defendants MELISSA AVILÉS-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION, maintain a place of business in New York County.

27. If successful, Plaintiff seeks reasonable attorneys' fees as part of the costs that may be awarded to the parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA. 20 U.S.C. § 1415(i)(B)(I); *see also* 34 C.F.R. § 300.517(a)(l)(i).

## **THE PARTIES**

28. Plaintiff V.P. was six years old at the start of the 2023-2024 ESY.

29. Plaintiff V.P. was seven years old at the start of the 2024-2025 ESY.

30. V.P. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

31. V.P. is entitled to receive a FAPE and related services from Defendant DOE.

32. Plaintiff Pavlo Popovychenko is V.P.'s Parent and Natural Guardian.

33. Plaintiff immigrated to the U.S. with his family from the Ukraine in February 2023.

34. Plaintiff lived in the City of New York at all relevant times here.

35. Defendant New York City Department of Education is and was, at all material times, a corporate body created under Article 52 of the N.Y. Educ. Law § 2550 (McKinney) *et seq.* that manages and controls the educational affairs of the New York City Public Schools.

36. Defendant New York City Department of Education is the Local Educational Authority (LEA) as defined by 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing V.P. with a FAPE.

37. New York State and the DOE have established policies and procedures, both written and informal, for implementing IDEA.

38. DOE receives federal funding under IDEA. 20 U.S.C. § 1412.

39. DOE must provide V.P. with an Individualized Education Program (IEP) for each school year.

40. Upon information and belief, DOE received IDEA funds that were "earmarked" for V.P.'s education during the 2024-2025 ESY.

41. Because DOE receives funding under the IDEA, it must comply with the statute's provisions. 20 U.S.C. § 1412.

42. Defendants' principal place of business is located at 52 Chambers Street, in the County and State of New York.

43. The New York City Department of Education's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, N.Y. 11201.

44. Plaintiff resides in the Defendants' school district.

45. DOE is responsible for providing a FAPE to all students with disabilities, including V.P., who live in the Defendants' school district under statutory rights arising under IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with IDEA.

## **FACTUAL ALLEGATIONS**

46. Plaintiff brings this action under the IDEA to recover the costs of V.P.'s placement at iBRAIN for the 2023-2024 and 2024-2025 ESY, including tuition, related services, and transportation costs.

47. Congress enacted the IDEA to ensure that students with disabilities, like V.P., have meaningful access to an appropriate public education.

48. States that participate in IDEA receive federal funds and agree to provide a FAPE to all children with disabilities in the state and to comply with IDEA's procedural and substantive mandates.

49. New York State has chosen to participate in and implement the IDEA framework.

50. New York has established procedures for providing special education services to children with disabilities, outlined in N.Y. Educ. Law § 4401 (McKinney) *et seq*.

51. Each year, the State Educational Agency (SEA) issues IDEA Part B funds to each LEA that has provided assurances under IDEA.

52. Upon information and belief, the New York City Department of Education receives IDEA

Part B funding under the "child-count" method, which allows the LEA to claim a specific amount of money per student with a qualifying disability.

53. Upon information and belief, the DOE has received IDEA Part B funds earmarked for V.P.'s education relative to the 2023-2024 and 2024-2025 ESYs.

54. IDEA explicitly requires the DOE to fund V.P.'s education.

55. The DOE has not fully funded V.P.'s education at iBRAIN for the 2023-2024 and 2024-2025 ESY.

56. The primary mechanism for implementing IDEA's mandate of a FAPE is the IEP, as defined in 20 U.S.C. § 1401(14) and 1414(d).

57. An IEP is a written statement prepared for each child with a disability that sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child, on behalf of the child, to enable the child to achieve a comprehensive set of annual goals and short-term objectives.

58. V.P. has been diagnosed with a brain-based disorder resulting in severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem solving, sensory, perceptual, and motor abilities, psychological behavior, physical functions, information processing, and speech.

59. V.P. is non-verbal and non-ambulatory and needs assistance with all activities of daily living.

60. V.P. cannot perform any daily activities independently and requires 24-hour supervision.

61. V.P. has highly intensive management needs, requiring a high degree of individualized attention and intervention.

62. V.P. requires a small, highly-structured classroom offering an educational program delivered via a 1:1 instructional model, with a full-time 1:1 paraprofessional during the school day, and a 1:1 nurse to assist with medical/health needs at school and during travel, to monitor her G-tube, to monitor for seizures, to administer emergency medication as necessary, and

to attend to all other medical needs.

63. V.P. began attending iBRAIN in October 2023.

64. iBRAIN employs specialized teachers, nurses, and therapists to provide special educational services for children with brain injuries or brain-based disorders, as well as an extended school day and an extended school year.

## 2023-2024 & 2024-2025 ESYs

65. On June 24, 2024, Parent filed the first DPC against DOE, thereby initiating an administrative due process proceeding to secure funding for iBRAIN tuition for the 2023-2024 ESY and other relief under the IDEA.

66. The Parent alleged, among other things, that DOE did not offer his child a FAPE for the 2023-2024 ESY; that iBRAIN was an appropriate unilateral placement for V.P.; and that equities favored a full award for V.P.'s placement at iBRAIN, including tuition, related services, special transportation, and nursing services, for the 2023-2024 ESY.

67. The Parent requested, among other things, an order requiring DOE to fund his child's educational program during the pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415(j).

68. On July 12, 2024, Parent filed a second DPC, thereby initiating an administrative due process proceeding to secure funding for iBRAIN tuition for the 2024-2025 ESY and other relief under the IDEA.

69. In the July 12, 2024 DPC, Parent alleged, among other things, that DOE did not offer his child a FAPE for the 2024-2025 ESY; that iBRAIN was an appropriate unilateral placement for V.P.; and that the equities favored a full award for V.P.'s placement at iBRAIN, including tuition, related services, special transportation, and nursing, for the 2024-2025 ESY.

70. In the second DPC, the Parent requested the consolidation of the June 24, 2025 and July 12, 2024 DPCs.

71. The Parent requested, among other things, an order requiring DOE to fund his child's educational program during the pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415(j).

72. The DPC was assigned IHO Case No. 275751.

73. A pre-hearing conference was held on August 27, 2024.

74. On October 9, 2024, IHO Tillyard erroneously issued an interim pendency order stating that the Student's pendency placement was in a New York City specialized school.

75. Hearings on the merits were conducted on September 16, October 1, October 4, October 10, October 18, and October 31, 2024.

76. On December 17, 2024, IHO Tillyard issued an FOFD, finding that DOE denied V.P. a FAPE for the 2023-2024 and 2024-2025 ESYs.

### Findings Relating to the 2023-2024 ESY

77. IHO Tillyard found that the October 2023 IEP was procedurally flawed because it was developed without sufficient evaluations in all areas of suspected disability.

78. IHO Tillyard correctly acknowledged that the IEP did not recommend related services, including speech, occupational, and physical therapy, despite clear evidence of need.

79. IHO Tillyard erroneously held that the Parent did not prove the appropriateness of V.P.'s placement at iBRAIN for the 2023-2024 ESY.

80. IHO Tillyard erred in concluding that V.P. did not require full-time 1:1 nursing services for the 2023-2024 ESY, finding instead that a school nurse and a paraprofessional could meet her needs, contrary to medical documentation and testimony.

### Findings Relating to the 2024-2025 ESY

81. IHO Tillyard erroneously held that the Parent did not prove the appropriateness of V.P.'s placement at iBRAIN for the 2024-2025 ESY.

82. IHO Tillyard erred in concluding that V.P. did not require full-time 1:1 nursing services for the 2024-2025 ESY, finding instead that a school nurse and a paraprofessional could meet her needs, contrary to medical documentation and testimony.

83. IHO Tillyard erroneously held that the equities weighed against the Parent for the 2024-2025 ESY.

84. Plaintiff timely appealed IHO Tillyard's decision, filing a Notice of Intention to Seek Review on January 6, 2025.

85. On January 27, 2025, Plaintiff timely filed an RFR.

86. Plaintiff in the RFR alleged that IHO Tillyard erred by finding that the Student's unilateral placement at iBRAIN was not appropriate, and that the equities did not favor the Parent's claim for relief.

87. On June 26, 2025, SRO Bates issued SRO Decision No. 25-055.

88. SRO Bates in Decision No. 25-055 sustained the appeal to the extent:

    **IT IS ORDERED** that the IHO's decision, dated December 17, 2024, is modified by reversing those portions which found that iBrain was not an appropriate unilateral placement for the 2023-24 and 2024-25 school years; and

    **IT IS FURTHER ORDERED** that the IHO's decision, dated December 17, 2024, is modified by reversing those portions which found that equitable considerations weighed against the parent for the 2024-25 school year; and

    **IT IS FURTHER ORDERED** that the IHO's decision, dated December 17, 2024, is modified by reversing those portions which found that the transportation services were not appropriate for the 2024-25 school year; and

    **IT IS FURTHER ORDERED** that the district shall fund the iBrain tuition and related services per the iBrain annual enrollment contract for the 2024-25 school year; and

    **IT IS FURTHER ORDERED** that the district shall fund the transportation costs per the school transportation annual service agreement with Sisters Travel for the 2024-25 school year, reduced by 20 percent.

89. The instant federal action is an appeal of SRO Decision No. 25-055.

11

90. SRO Decision No. 25-055 is contrary to the evidence in the administrative record and controlling law.

91. DOE has denied V.P. a FAPE.

92. V.P. was denied due process when SRO Bates wrongly upheld IHO Tillyard's rejection of reimbursement for the 2023-2024 ESY, despite undisputed findings that DOE did not provide a FAPE.

93. SRO Bates's determination in SRO Decision No. 25-055 is legally defective because it relies on an erroneous application of the IDEA, relevant case law, New York State Education Law, and erroneous findings.

94. SRO Decision No. 25-055 has a harmful and disparate impact on students with disabilities entitled to funding under IDEA, as it favors those who can afford private school tuition in the first instance and then wait for reimbursement, thereby undermining IDEA's guarantee of equal access to a FAPE.

## AS AND FOR A FIRST CAUSE OF ACTION
*SRO Decision No. 25-055 Should Be Modified in Part*

95. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

96. SRO Bates's SRO Decision No. 25-055 should be modified in part, insofar as it erroneously denied reimbursement for tuition, transportation, and nursing services for the 2023-2024 ESY, improperly upheld a 20% reduction in transportation reimbursement for the 2024-2025 ESY, and erroneously denied reimbursement for medically necessary nursing services for both school years.

97. SRO Bates's SRO Decision No. 25-055, erroneously upheld the IHO's denial of reimbursement for the 203-2024 ESY despite undisputed findings that DOE did not provide V.P. a FAPE.

98. SRO Bates did not discharge his duties properly as required by the IDEA, 20 U.S.C. § 1401,

*et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and Part 200 of the Regulations of the New York State Commissioner of Education.

99. SRO Decision No. 25–055, concerning V.P.'s 2023-2024 and 2024–2025 ESYs, should be modified for several reasons, including, but not limited to, the following:

    a. SRO Bates erroneously upheld the IHO's denial of reimbursement for tuition, transportation, and nursing services for the 2023-2024 ESY, despite the finding that DOE denied V.P. a FAPE.

    b. SRO Bates erroneously upheld the IHO's denial of reimbursement for nursing services for both 2023-2024 and 2024-2025 ESYs, finding them "excessive," when the record showed they were medically necessary; at most, any concern about scope could justify a proportional adjustment, not a wholesale denial.

    c. SRO Bates erroneously upheld a 20% reduction in transportation reimbursement for the 2024-2025 ESY, despite no evidence of inequitable conduct by the Parent.

100. Plaintiff's rights, and those of his disabled child, V.P., were violated under IDEA, 20 U.S.C. § 1401, *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and Part 200 of the Regulations of the New York State Commissioner of Education. Defendants' actions have damaged the Plaintiff.

101. Plaintiff is entitled to all appropriate relief under IDEA, including the specific remedy of direct funding to V.P.'s private school and transportation provider, with ancillary and necessary fees, including attorney's fees and costs.

102. Plaintiff is entitled to direct funding for tuition, transportation, nursing, and related services under IDEA for V.P.'s placement at iBRAIN for the 2023-2024 and 2024-2025 ESY for the reasons above, including, but not limited to, the following:

    a. Defendant did not offer or provide V.P. with a FAPE for the 2023-2024 and 2024-2025 ESYs.

    b. iBRAIN was an appropriate unilateral placement for V.P. during both ESYs because, *inter alia*, V.P.'s educational program was tailored to meet V.P.'s individual needs, and V.P. made progress at iBRAIN.

    c.    The equities favored total funding for the Plaintiff and V.P. because DOE did not offer or provide V.P. with a FAPE, through no fault of the Plaintiff's, and at the cost of iBRAIN during the 2023-2024 and 2024-2025 ESYs, were relative to the services V.P. received.

## AS AND FOR A SECOND CAUSE OF ACTION

*Plaintiff Is Entitled to Relief Under the IDEA and New York Education Law*

103. Plaintiff reiterates, repeats, and reaffirms each allegation set forth above as if more fully set forth herein.

104. Defendants are legally responsible for ensuring compliance with the New York Education Law and IDEA within New York City.

105. Defendants have denied, and are denying, the rights of Plaintiff and V.P. by failing to fully reimburse/fund Plaintiff's educational program/placement at iBRAIN, related services, transportation, and nursing, automatically and as required under the IDEA, timely or otherwise for the 2023-2024 and 2024-2025 ESYs, and will continue to do so in the future without Court intervention.

106. Defendants have failed to fully fund V.P.'s pendency program/placement at iBRAIN, including related services, special transportation, and nursing services.

107. Defendants have failed to fund V.P.'s pendency program/placement in a timely manner, prospectively, and completely, and as such, are jeopardizing V.P.'s educational program/placement and progress.

108. Since at least 2020, Defendants have established ineffective policies and/or procedures for identifying, implementing, and funding pendency placements/programs for students, like V.P., who receive special education services, and then do not abide by those policies and/or procedures.

109. Defendants have violated Plaintiff's rights under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5) and have caused him injury, including deprivation of a FAPE under the New York Education Law and the IDEA.

14

110. Defendants have acted with deliberate indifference by implementing policies, practices, and customs that have resulted in violations, despite being notified that their actions have caused the violations and their failure to correct them. These policies, practices, and customs constitute Defendants' *de facto* unlawful, illegal, and improper policies.

111. Plaintiff's rights under the New York Education Law are enforceable under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k)(3), and the IDEA, as well as under this Court's equitable powers.

112. Defendants' failures and/or delays in funding V.P.'s pendency program/placement have jeopardized V.P.'s educational program/placement at iBRAIN.

113. As a result of these violations, Plaintiff is entitled to injunctive and declaratory relief, nominal damages, and other equitable relief from this Court, as well as costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION

*Attorneys' Fees*

114. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

115. In any action or proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(l) and 34 C.F.R. § 300.517 (a)(l)(i).

116. Should Plaintiff prevail here, Plaintiff would be the prevailing party under IDEA.

117. Should Plaintiff prevail here, as the Parent of a child with a disability, he will have prevailed in his action/proceeding brought against DOE under the IDEA.

118. Plaintiff was at all relevant times referenced herein, represented by the Brain Injury Rights Group and Liberty & Freedom Legal Group,[2] each a nonprofit law firm experienced in,

---

[2] During the representation of the Plaintiff, Liberty & Freedom was created and assumed the representation of the Plaintiff.

15

among other things, representing students with disabilities and their families in administrative and judicial proceedings brought under the IDEA.

119. As the prevailing party in his IDEA administrative proceedings, Plaintiff is entitled to reasonable attorneys' fees and costs.

120. Should Plaintiff prevail in this federal action, as the prevailing party in their administrative proceedings brought under IDEA, she may seek reasonable attorneys' fees and costs.

121. The Plaintiff, as a prevailing party, may also recover attorneys' fees for work performed on the fee application process.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

i. Conduct an independent review of the administrative record;

ii. Reverse and/or modify the June 26, 2025, SRO Decision 25-055, in which the SRO denied reimbursement for tuition, transportation, and nursing services for the 2023-2024 ESY;

iii. Reverse and/or modify the June 26, 2025, SRO Decision 25-055, in which the SRO held a 20% reduction in transportation reimbursement for the 2024-2024 ESY;

iv. Reverse and/or modify the June 26, 2025, SRO Decision 25-055, in which the SRO denied reimbursement for nursing services for the 2023-2024 and 2024-2025 ESY;

v. Declare that the equities favor Plaintiff's request for total funding for V.P.'s educational program/placement at iBRAIN for the 2023-2024 ESY, including the cost of tuition, related services, special transportation, and nursing services;

vi. Declare that the equities favor Plaintiff's request for total funding for V.P.'s educational program/placement at iBRAIN for the 2024-2025 ESY, including the cost of tuition, related services, special transportation, and nursing services;

vii. Order Defendants to directly and fully fund V.P.'s educational program at iBRAIN, including related services, nursing, and transportation, per the Parent's contracts with the providers;

viii. Grant Plaintiff nominal damages in the amount of $ 1.00 or any other nominal amount;

ix. Direct Defendant to pay for the costs and expenses of maintaining this action before the IHO and SRO under 20 U.S.C. § 1415;

16

x. Declare Plaintiff to be the prevailing party for purposes of IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517 (a)(1)(i), should Plaintiff prevail in this action;

xi. Grant Plaintiff leave to submit a fee application under IDEA;

xii. Direct Defendants to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees for bringing and maintaining this action; and

xiii. Grant such other, further, and different relief as the Court deems just, proper, and equitable.

Dated: October 27, 2025
    New York, N.Y.

Respectfully submitted,
Liberty & Freedom Legal Group
*Attorneys for Plaintiff*

By: **/s/ Nicole Lancia**
Nicole Lancia, Esq.
105 34th Street, Suite 190
New York, N.Y. 10016
(646) 850-5035
nicole@pabilaw.org