UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

**PAVLO POPOVYCHENKO**, as Parent and Natural Guardian of V.P., and **PAVLO POPOVYCHENKo**, Individually,

                                              Plaintiff,

                -against-

**MELISSA AVILES-RAMOS**, in her official capacity as Chancellor of the **NEW YORK CITY DEPARTMENT OF EDUCATION** and the **NEW YORK CITY DEPARTMENT OF EDUCATION**

                                        Defendant.

------------------------------------------------------------------------ x

**ANSWER**

Docket No. 25-cv-08906

       Defendant, the New York City Department of Education, ("DOE") by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their provisions and import,.

2. Denies the allegations set forth in paragraph "2" of the Complaint and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their provisions and import.

3. Denies the allegations set forth in paragraph "3" of the Complaint, and respectfully refers the Court to 20 U.S.C. § et seq. for a complete and accurate statement of its provisions

- 2 -

regarding the IDEA.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint and respectfully refers the Court to the Due Process Complaint ("DPC") referenced therein for a complete and accurate statement of their contents and import.

8. Denies the allegations set forth in paragraph "8" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of their contents and import.

9. Denies the allegations set forth in paragraph "9" of the Complaint, and respectfully refers the Court to the Due Process Complaint DPC referenced therein for a complete and accurate statement of their contents and import.

10. Denies the allegations set forth in paragraph "10" of the Complaint, the Court to the administrative proceeding cited therein for a complete and accurate statement of its contents.

11. Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of their contents and import.

12. Denies the allegations set forth in paragraph "12" of the Complaint, and respectfully refers

the Court to the Findings of Fact and Decision ("FOFD") referenced therein for a complete and accurate statement of its contents.

13. Denies the allegations set forth in paragraph "13" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of their contents and import.

14. Admits the allegations set forth in paragraph "14" of the Complaint.

15. Admits the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, and respectfully refers the Court to the administrative proceeding referenced therein for a complete and accurate statement of its contents.

17. Admits the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, and respectfully refers the court to decision referenced therein for a complete and accurate statement of its provisions and import.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff purports to proceed as stated.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admit that Plaintiff purports to proceed as stated.

21. Denies the allegations set forth in paragraph "21" of the Complaint and respectfully refers the Court to the administrative decision cited therein for a complete and accurate statement of its contents.

22. Denies the allegations set forth in paragraph "22" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of its contents and import.

23. Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of its provisions and import.

24. Denies the allegations set forth in paragraph "24" of the Complaint and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of its provisions and import.

25. Denies the allegations set forth in paragraph "25" of the Complaint and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of its provisions and import.

26. Denies the allegations set forth in paragraph "26" of the Complaint and respectfully refers the Court to the cited statute for a complete and accurate statement of their provisions.

27. Denies the allegations set forth in paragraph "27" of the Complaint and respectfully refers the Court to the cited statute for a complete and accurate statement of their provisions.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its content and import.

31. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to Article 52 of the New York State Education Law and Chapter 20 of the New York City Charter § 520 et seq. which define the roles and responsibilities of the DOE.

36. Denies the allegations set forth in paragraph "36" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of its content and import.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that DOE receives federal funding.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint, except admit that DOE has a business address at 52 Chambers Street, in the County and State of New York.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of its content and import.

46. Denies the allegation set forth in paragraph "46" of the Complaint, except admit that Plaintiff purports to proceed as stated.

47. Denies the allegations set for in paragraph "47" of the Complaint and respectfully refers the Court to the 20 U.S.C. § 1400 et seq. for a complete and accurate statement of Congress' intent.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint, and respectfully refers the Court to the authority cited therein for a complete and accurate statement of its contents and import.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegation set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of its contents and import.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations

set forth in paragraph "59" of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of its contents.

67. Denies the allegations set forth in paragraph "67" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statements of its contents.

68. Denies the allegations set forth in paragraph "68" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statements of its contents.

69. Denies the allegations set forth in paragraph "69" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statements of its

contents.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint..

71. Denies the allegations set forth in paragraph "71" of the Complaint, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statements of its contents.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint and respectfully refers the Court to the administrative proceeding referenced therein for a complete and accurate list of hearing dates in that proceeding.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint, and respectfully refers the Court to the FOFD referenced therein for a complete and accurate statements of its contents.

77. Denies the allegations set forth in paragraph "77" of the Complaint, and respectfully refers the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

78. Denies the allegations set forth in paragraph "78" of the Complaint, and respectfully refers the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

79. Denies the allegations set forth in paragraph "79" of the Complaint, and respectfully refers

the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

80. Denies the allegations set forth in paragraph "80" of the Complaint, and respectfully refers the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

81. Denies the allegations set forth in paragraph "81" of the Complaint, and respectfully refers the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

82. Denies the allegations set forth in paragraph "82" of the Complaint, and respectfully refers the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

83. Denies the allegations set forth in paragraph "83" of the Complaint, and respectfully refers the Court to the administrative decision referenced therein for a complete and accurate statements of its contents.

84. Admits the allegations set forth in paragraph "84" of the Complaint.

85. Admits the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint and respectfully refers the Court to the administrative proceeding referenced therein for a complete and accurate statement of its contents.

87. Admits the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint, and respectfully refers the court to decision referenced therein for a complete and accurate statement of its provisions and import.

89. Denies the allegations set forth in paragraph "89 of the Complaint, except admits that Plaintiffs intend to proceed as set forth therein.

90. Denies the allegations set forth in paragraph "90' of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. Denies the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint.

94. Denies the allegations set forth in paragraph "94" of the Complaint.

95. In response to paragraph "95" of the Complaint, Defendant repeats and realleges each and every response above as if fully set forth herein.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. Denies the allegations set forth in paragraph "97" of the Complaint.

98. Denies the allegations set forth in paragraph "98" of the Complaint.

99. Denies the allegations set forth in paragraph "99" of the Complaint.

100. Denies the allegations set forth in paragraph "100" of the Complaint.

101. Denies the allegations set forth in paragraph "101" of the Complaint.

102. Denies the allegations set forth in paragraph "102" of the Complaint.

103. In response to paragraph "103" of the Complaint, Defendant repeats and realleges each and every response above as if fully set forth herein.

104. Denies the allegations set forth in paragraph "104" of the Complaint.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint.

107. Denies the allegations set forth in paragraph "107" of the Complaint.

108. Denies the allegations set forth in paragraph "108" of the Complaint.

109. Denies the allegations set forth in paragraph "109" of the Complaint.

110. Denies the allegations set forth in paragraph "110" of the Complaint.

111. Denies the allegations set forth in paragraph "111" of the Complaint.

112. Denies the allegations set forth in paragraph "112" of the Complaint.

113. Denies the allegations set forth in paragraph "113" of the Complaint.

114. In response to paragraph "114" of the Complaint, Defendant repeats and realleges each and every response above as if fully set forth herein.

115. Denies the allegations set forth in paragraph "115" of the Complaint and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents and import.

116. Denies the allegation set forth in paragraph "116" of the Complaint.

117. Denies the allegation set forth in paragraph "117" of the Complaint.

118. Denies the allegation set forth in paragraph "118" of the Complaint.

119. Denies the allegation set forth in paragraph "119" of the Complaint.

120. Denies the allegation set forth in paragraph "120" of the Complaint.

121. Denies the allegation set forth in paragraph "121" of the Complaint.

## FOR A FIRST DEFENSE:

122. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

123. At all times relevant to the allegations in the Complaint, Defendants acted

reasonably, lawfully, properly, without malice, and in good faith.

## FOR A THIRD DEFENSE:

124.  Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

## FOR A FOURTH DEFENSE:

125.  Plaintiffs' own conduct in whole or in part contributed to the harm alleged.

## FOR A FIFTH DEFENSE:

126.  Plaintiffs were not the prevailing party relative to one or more of the school years for which relief is sought, and is therefore not entitled to attorneys' fees, costs, expenses, or other similar relief pertaining to those school years.

## FOR A SIXTH DEFENSE:

127.  Equitable considerations do not merit the awards Plaintiffs seek.

## FOR A SEVENTH DEFENSE:

128.  The hours billed, rates charged, and expenses billed by Plaintiffs' counsel are not reasonable.

## FOR AN EIGHTH DEFENSE:

129.  To the extent Plaintiffs are entitled to any funding, Defendants cannot fund, and the Court should not order funding for, services for which Plaintiffs have not furnished documentation demonstrating their payment and receipt of such services.

## FOR AN NINTH DEFENSE:

130.  Plaintiffs' claims in whole or in part are moot.

**WHEREFORE**, Defendants respectfully request the following relief:

    A.    That the Complaint be dismissed with prejudice;

    B.    That judgment be entered in favor of Defendants and against Plaintiff on all claims;

    C.    That Defendants be awarded attorneys' fees and costs; and

    D.    That Defendants be awarded any further relief the Court deems just and proper.

## COUNTERCLAIM

Defendants Melissa Aviles-Ramos, in her official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education, by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, by way of counterclaim against PAVLO POPOVYCHENKO, as Parent and Natural Guardian of V.P., and PAVLO POPOVYCHENKO, Individually, allege as follows:

    1.    This action arises out of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.

    2.    On December 17, 2024, Impartial Hearing Officer Virginia Tillyard issued an FOFD in IHO Case No. 275751, finding, among other things, that DOE failed to offer P.V. a FAPE for the 2023-2024 and 2024-2025 school years. A true and correct copy of the December 17, 2024 FOFD in case No. 275751 is attached as **Exhibit A**

    3.    On June 26, 2025, State Review Officer Justyn P. Bates issued SRO Decision No. 25-055 relative to IHO Case No. 275751, which resolved Plaintiff's appeal. A true and correct copy of the June 26, 2025 SRO Decision No. 25-055 is attached as **Exhibit B**.

**I. The SRO Erred Under Prong II of the *Burlington/Carter* Test By deviating from the IHO's Findings and Reasoning.**

4. SRO Decision No. 25-055 erred by reversing the portion of the IHO decision that found that iBrain was not an appropriate unilateral placement for the 2023-2024 and 2024-2025 school year under Prong II of the *Burlington/Carter* test.

5. The SRO reversed finding that the hearing record sufficiently described the elements of the private school program by only considering the student's needs as described in the private school's education plan.

6. The administrative record contains an individualized education plan, "IEP" developed by the DOE October 2023.

7. The SRO erred in considering only the private school's education plan in reversing on Prong II.

8. As such, the SRO erred in ordering funding for V.P.'s tuition and related services at iBrain for the 2024-2025 school year.

9. The transportation agreement for the 2024-2025 school year is not signed by the parent.

10. As a result of the foregoing Defendants seek an order reversing the SRO' June 26, 2025 decision finding that iBrain was an appropriate placement for the 2023-2024 and 2024-2025 school years under Prong II of the *Burlington/Carter* test.

**II. The SRO Erred Under Prong III By Reversing the IHO's Ruling that the Equitable considerations weighed against the parent for the 2024-2025 school year.**

11. The SRO erred by reversing the IHO's decision holding that equitable considerations weighed in favor of granting relief for the 2024-2025 school year.

12. The SRO erred in finding that the limited record was sufficient to sustain the parent's burden.

13. The SRO further erred in directing funding tuition and related services at the private school for the 2024-2025 school year.

14. The SRO found that the hearing record contained discrepancies as to when V.P. was picked up and dropped off at school noting that it was after the start of the school day.

15. The SRO also found that the transportation service included transportation untethered to the educational needs.

16. Nonetheless, the SRO found the equitable considerations only had a 20% reduction in the transportation costs.

17. The SRO erred in finding only a 20% reduction appropriate.

**COUNT ONE (Modification of SRO Decision No. 25-055)**

18. Defendants repeat and restate the allegations contained in the prior paragraphs of this counterclaim as if fully set forth here.

19. SRO Decision NO. 25-055 erred in reversing the IHO's finding that the parent's unilateral placement was appropriate.

20. SRO Decision No.25-055 erred by reversing the IHO's decision holding that equitable considerations weighed in favor of granting relief for the 2024-2025 school year.

21. SRO Decision No. 25-055 erred ordering the district to fund the tuition and related services at the private school.

22. SRO Decision No. 25-055 erred by awarding transportation services where the services would be used for medical rather than educational needs and the purported agreement is not signed by the parent.

**WHEREFORE**, Defendants respectfully request the following relief:

1. That the Court reverse the June 26, 2025 decision in SRO No. 25-055, and enter an order finding that the iBrain is not an appropriate unilateral placement under Prong II of the *Burlington/Carter* test;

2. Alternatively, that the Court reverse the decision in SRO No. 24-055 which found the equitable considerations weighed in favor of funding for tuition and related services including transportation services under Prong III of the *Burlington/Carter* test;

3. That Defendants be awarded attorneys' fees and costs; and

4. That Defendants be awarded any further relief the Court deems just and proper.

Dated:   New York, New York
         December 5, 2025

        MURIEL GOODE-TRUFANT
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street
        New York, New York 10007
        (212) 356-2392

By:   /S/ AM
      Alfred Miller, Jr.
      Assistant Corporation Counsel